Filed 12/17/25  P. v. Webb CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B340786 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA434377-02) |
| v. | |
| CALVIN FURNESS WEBB, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Dismissed.

Antonio M. Zaldana, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Nikhil D. Cooper, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Calvin Furness Webb (defendant) appeals from the trial court's order declining to exercise its discretion to resentence him under Penal Code section 1172.1.[1]  Because the order from which defendant appeals is not appealable, we dismiss the appeal.

## BACKGROUND

On February 11, 2016, defendant pled no contest to assault with a firearm likely to produce great bodily injury (§ 245, subd. (a)(2)), and second-degree robbery (§ 211).  As to the robbery, he admitted allegations that the crime benefitted a gang (§ 186.22, subd. (b)(1)(C)) and that he had personally used a firearm (§ 12022.53, subd. (b)).  As to both crimes, he admitted that his 2007 conviction for robbery was a serious felony conviction (§ 667, subd. (d)) and that is also constituted a "strike" within the meaning of our "Three Strikes" law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(j)).

The trial court sentenced defendant to an aggregate term of 22 years in state prison.  Specifically, the court imposed a sentence of 20 years on the robbery count, comprised of a base term of 10 years for the robbery (an upper term of five years, doubled due to the prior strike), plus 10 years for the firearm

---

1      All further statutory references are to the Penal Code unless otherwise indicated.

2

enhancement. The court imposed a consecutive two-year term for the assault with a firearm offense (one-third the midterm sentence of three years, doubled due to the prior strike).

On June 26, 2024, defendant in pro per., filed a "Petition/Invitation To Resentence Defendant" asking the trial court to resentence him pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) and section 1172.1. He argued that he was eligible for resentencing because he had "fully accepted responsibility for his criminal conduct" and had "rehabilitated himself." As exhibits to his petition, he attached written testimonials conveying his remorse, support letters from several family members and friends, and prison documentation showing his efforts at rehabilitation and self-improvement.

On July 17, 2024, the trial court denied the petition. In its order, the court stated that it had "read and considered" the petition, that defendant was "not entitled to file a petition seeking relief" under section 1172.1, subdivision (c), and that, "based upon" a "review[ of] the circumstances of defendant's case," the court "decline[d] to recall and resentence defendant absent a recommendation from the District Attorney or [prison authorities]."

Defendant timely appealed.

## DISCUSSION

Defendant is seeking to appeal the trial court's order denying his petition for relief under section 1172.1.

This is not an appealable order. (See *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1046-1047; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 693 (*Faustinos*); *People v. Hodge* (2024) 107 Cal.App.5th 985, 997, 999 (*Hodge*); *People v. Roy* (2025) 110 Cal.App.5th 991, 998-999; *People v. Wilson* (2025)

3

109 Cal.App.5th 198, 202.) A post-judgment order in a criminal case is appealable only if it affects a party's substantial rights. (§ 1237, subd. (b).) In the post-judgment context, a trial court lacks jurisdiction absent express legislative authorization. (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337 & fn. 2.) Our Legislature has not granted that authorization here: Section 1172.1 explicitly indicates that "[a] defendant is *not* entitled to file a petition seeking relief from the court under this section" (§ 1172.1, subd. (c)), and obligates a court to advise a defendant of the right to appeal only when relief is sought under this section by prosecutorial authorities and not when a defendant seeks that relief (*id.* at subd. (d)). Because a defendant has no right to demand that the trial court rule on a petition he files, the trial court's decision not to make a ruling does not deprive that defendant of any right, let alone a substantial one necessary to support an appeal. (*Brinson*, at p. 1046; *Hodge*, at p. 996.)

Defendant resists this analysis with what boil down to three arguments.

First, defendant seeks to analogize this situation to the situations in *People v. Carmony* (2004) 33 Cal.4th 367, 375-376 and *People v. Loper* (2015) 60 Cal.4th 1155, 1158-1161. We reject these analogies. *Carmony* held that a defendant who was directly appealing his sentence could appeal a trial court's discretionary decision not to dismiss one of the "Three Strikes" allegations; *Loper* held that a defendant could appeal a trial court's discretionary decision not to grant compassionate release from custody requested by prison authorities. In each situation, however, the party seeking that relief—the defendant in *Carmony* and the prison authorities in *Loper*—had a right to have the court issue a ruling in the first place. A defendant has

4

no such right under section 1172.1. (Accord, *Hodge, supra*, 107 Cal.App.5th at p. 997 [rejecting analogy to *Loper* and *Carmony*].)

Second, defendant argues that his case is distinguishable because the trial court only "decline[d] to recall and resentence defendant" after a "review" of "the circumstances of defendant's case," which in defendant's view shows that the trial court—while not obligated to entertain his petition—nevertheless *did* entertain his petition, thereby creating an appealable order. We reject this characterization of the court's order. Where, as here, a trial court is not obligated to issue a ruling, its failure to do so "does not affect the defendant's substantial rights"—regardless of whether the order is "couched as a denial, dismissal, or any other statement that the court is not acting." (*Faustinos, supra*, 109 Cal.App.5th at p. 696.) This case is unlike *People v. Olea* (Oct. 30, 2025, H051988) \_\_\_Cal.App.5th\_\_\_ [2025 Cal.App.LEXIS 704], where the court held that a trial court's order denying a defendant's petition for relief under section 1172.1 affected the defendant's substantial rights (and hence was appealable) because the trial court had appointed counsel for defendant, authorized the release of records, held a hearing on the merits of the petition, and issued an order unequivocally indicating its rejection of the petition on the merits. (*Id.* at \*20–\*23.)

Third and lastly, defendant argues the trial court abused its discretion in denying his request for resentencing, maintaining that he was a suitable candidate for relief and that granting his motion would have furthered the spirit and purposes of Assembly Bill No. 600 and other recent resentencing initiatives, as well as the interests of justice. This argument presupposes the court was obligated to issue a decision, which, as discussed above, it was not.

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.

HOFFSTADT


I concur:


_____, J.

KIM (D.)

6

The People v. Calvin Webb
B340786


BAKER, J., Concurring



I join only the disposition dismissing the appeal.  (Pen.
Code, § 1172.1, subd. (c).)


BAKER, J.